OPINION
On July 12, 1990, appellant, Ronald Harold Herndon, and appellee, Connie Jean Herndon, were married. Three children were born as issue of said marriage, Joshua Herndon born May 27, 1990, Jeremy Herndon born May 13, 1991 and Jordan Herndon born December 2, 1992. On August 27, 1999, appellant filed a complaint for divorce. A hearing was held on May 3, 2000. The contested issues included child support and property division. By judgment entry filed May 5, 2000 the trial court granted the parties a divorce and approved and adopted the parties' shared parenting plan. As for the division of property, the trial court incorporated one of appellant's exhibits and acknowledged that appellant received a credit union account worth approximately $5,000. The trial court held "no further credit/debit for same is required." On May 16, 2000, the final decree of divorce was filed. Within said decree, the trial court ordered appellant to pay $102.29 per month as child support, and ordered appellant to pay $7,331.25 to appellee to equalize the division of property. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT'S DECISION TO AWARD THE DEFENDANT-APPELLEE CHILD SUPPORT IN THE AMOUNT OF $306.86 PER MONTH WAS AN ABUSE OF DISCRETION, CONTRARY TO LAW, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT'S ORDER REQUIRING THE PLAINTIFF-APPELLANT TO PAY THE DEFENDANT-APPELLEE $7,331.25 TO EQUALIZE THE DIVISION OF PROPERTY WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in awarding child support of $306.86 per month. We disagree. Appellant argues the trial court failed to follow the mandates of R.C. 3113.215 and Marker v. Grimm (1992),65 Ohio St.3d 139, regarding the worksheet. Appellant argues the trial court failed to prepare its own worksheet, failed to attach a worksheet to the final decree of divorce and failed to include any figures from the submitted worksheets in the final decree. In Marker at paragraph one of the syllabus, the Supreme Court of Ohio held a child support computation worksheet must "actually be completed and made a part of the trial court's record." Pursuant to this holding, we find a worksheet does not need to be attached to the final decree as long as it is a part of the record and it does not have to be completed by the trial court per se. A completed worksheet may be supplied by either party. By judgment entry filed May 5, 2000, the trial court ordered "CS per guidelines reflected on plaintiff's exhibit E." Upon review of the record, we do not find a "plaintiff's" exhibit E but rather a "defendant's" exhibit E. Because the child support numbers in the final decree of divorce reflect the numbers contained in "defendant's exhibit E," we presume the trial court made a clerical error and in fact meant to adopt the figures as presented in "defendant's exhibit E." Therefore, we find a worksheet in the record pursuant to Marker. Appellant further argues the calculations in the worksheet are in error. Appellant claims because a shared parenting plan has been ordered, the smaller number at line 24 ($6,465.14, the annual support obligation attributable to appellee) should be subtracted from the larger number ($9,819.86, the annual support obligation attributable to appellant) and the remaining amount, $3,354.72, should be the final child support obligation figure. Although this formula has been adopted in certain jurisdictions, we have not done so. Instead the parties agreed to a deviation from the child support guidelines as follows: Both parties agree on the concept of deviating from the child support guidelines, with the obligor paying 37.5% of the calculated amount of child support for the duration of the obligation to pay child support.
See, May 16, 2000 Judgment Entry Decree of Divorce at No. 5.
Because of the agreed 37.5% deviation, there would be no need to adjust line 24 in the worksheet. An adjustment to line 24 coupled with an agreed deviation would result in a windfall to an obligor under a shared parenting plan. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in equalizing the division of property. We agree. In reviewing an order on property division, this court will not disturb the trial court's decision absent a showing of an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In addition, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. V. Foley Construction Co. (1978), 54 Ohio St.2d 279. Pursuant to R.C. 3105.171, any award of marital property is to be equitable. This overriding philosophy should also be reflective as to marital debt. By judgment entry filed May 5, 2000, the trial court held the following: The parties shall pay and remain jointly liable for all listed debts except that each party shall pay and hold the other harmless on their own auto debt. * * * The remaining property division shall be reflected on Defendant's Exhibit N, the amount for equalization shall be paid w/i 180 days. Plaintiff did receive a bank account worth approximately $5,000, but no further credit/debit for same is required. In the final decree of divorce filed May 16, 2000, the trial court held the following: It is further ORDERED that each party shall pay one-half of all debts owed to the Internal Revenue Service and Access National Bank.
* * * It is further ORDERED that the Plaintiff shall receive the two (2) First Merit accounts, the Bank One account, and the Credit Union account, free and clear of any claim of the Defendant.
It is further ORDERED that the Plaintiff shall pay to the Defendant the sum of $7,331.25 within 180 days to equalize the division of property.
Defendant's Exhibit N as referenced by the trial court in its May 5, 2000 judgment entry should read "Defendant's Exhibit W." Defendant's Exhibit N is titled "Ronald Herndon Division of Assets" and is merely a listing of appellant's personal property. Defendant's Exhibit W is a balance sheet wherein appellant's assets include bank accounts one of which is a credit union listing in the amount of $5,000. The $5,000 is included in the amount representing appellant's assets. Appellant's total assets are then reduced by $2,785.77 of debt resulting in a net asset amount of $36,224.86. Appellee's net assets amount to $24,348.14. As a result of these amounts, appellant owes appellee $5,938.36 to equalize the division. Appellant argues he should be given credit for the $5,000 per the trial court's judgment entry of May 5, 2000 thereby reducing the amount he owes appellee to $3,438.36. We agree that appellant owes appellee less than $5,938.36 however, we disagree the amount is $3,438.36. In Defendant's Exhibit W, appellant's total assets are listed as $39,010.63. After subtracting the $5,000 credit union account, appellant's total assets are $34,010.63. This amount should be reduced by one-half of the $2,785.77 debt resulting in a net asset amount of $32,617.74. Appellee's total assets are $24,348.14. This amount reduced by one-half of the debt results in a net asset amount of $22,955.26. As a result of these amounts, appellant owes appellee $4,831.24 to equalize the division. In the May 5, 2000 judgment entry, the trial court specifically adopted Defendant's Exhibit W and gave the $5,000 credit union account to appellant noting "no further credit/debit for same is required." Given this clear language, we find the trial court erred in including the $5,000 credit union account as an asset to appellant in determining the equalization amount. Assignment of Error II is granted. The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed in part, reversed in part and remanded.
 _____________________ Farmer, J.
Wise, J. concur. Edwards, J. concurs in part; dissents in part